# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FT EXPRESS,

       Plaintiff,      :      Case No. 3:08-cv-340

   -vs-      Magistrate Judge Michael R. Merz

      :

BARKO ENTERPRISES, et al.,

       Defendants.

## AGREED PRELIMINARY INJUNCTION

This case came on for hearing on December 17-18, 2009, on Plaintiff's Amended Motion for Preliminary Injunction (Doc. No. 35). In lieu of a court determination of the Motion, Plaintiff and Defendant Barko Enterprises, Inc.[1], (the "Company") have agreed as follows:

1. The Company shall freeze all accounts, domestic or foreign, in which it has any interest, direct or indirect, except the company operating account, Huntington Bank account numbered 01451107085.

2. All cash received by the Company from this date forward and pending final judgment in this case shall be deposited in Huntington Bank account numbered 01451107085 and the Company shall not divert or deposit any funds or assets into any other account without prior disclosure to and agreement of the Plaintiff.

3. Not later than the close of business on December 22, 2009, the Company shall provide

---

[1] All proceedings against Defendant Thomas Barko in his individual capacity are automatically stayed by his having filed for protection under the Bankruptcy Act. He is ordered to keep this Court currently advised of the status of those proceedings.

1

Scaccia and Associates as attorney for Plaintiff with electronic access to Huntington Bank account numbered 01451107085 for purposes of monitoring that account.

4. The Company will promptly, through Tom Barko, disclose all accounts and assets in which the Company or Tom Barko has an interest, direct or indirect, domestic or foreign.

5. During the pendency of this action, the Company and Tom Barko will cooperate fully and promptly in providing a full accounting and, without limitation, disclosure of all transfers of funds, all records, and all documents properly requested in discovery in this case, including without limitation necessary payroll records, fuel records, records of accounts receivable, billing expenses, and computer access.

6. Not later than January 5, 2010, the Company will provide to Plaintiff a schedule, agreeable to Plaintiff, for replenishing National City Bank Account 984959336 to the level of $140, 926.58.

7. All future disclosures made to Plaintiff shall be on Company letterhead and signed by Tom Barko alone.

The Clerk shall mail a copy of this Order to Barko Enterprises, Inc., at its address of record in this case on the date of filing. No bond shall be required of the Plaintiff.

December 18, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge